UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CHARLES DWIGHT WATTS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 15-091-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KATHY LITTERAL, Warden, Eastern | ) | **MEMORANDUM OPINION** |
| Kentucky Correctional Complex, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Charles D. Watts has petitioned the Court for writ of habeas corpus under 28 U.S.C. § 2254. [Record No. 1] In accordance with local practice, the petition was referred to a United States Magistrate Judge for review and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On October 7, 2015, United States Magistrate Judge J. Gregory Wehrman issued a Report and Recommendation, summarizing the factual and procedural history of the case and recommending that Watts' petition be denied. [Record No. 18] Neither the petitioner nor the United States has filed objections to the magistrate judge's Report and Recommendation.

Having reviewed the record, the Court agrees with the magistrate judge's conclusions that Watts' petition lacks merit. Accordingly, the Report and Recommendation will be adopted and Watts' petition will be dismissed, with prejudice.

I.

While this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir. 1986).

Here, Watts has not filed objections to the report, and the time to do so has expired. Nevertheless, having fully considered the record, and having considered the motion *de novo*, the Court agrees with the magistrate judge's analysis and conclusions concerning the issues raised by Watts' petition.

II.

Watts is currently serving a fifty-year term of imprisonment for two counts of murder and one count of first-degree robbery. *Watts v. Commonwealth*, No. 2013-SC-000021-MR, 2014 WL 2809955, at *1 (Ky. June 19, 2014). At trial, Watts moved for a directed verdict of acquittal on the robbery charge, but the trial court overruled the motion. [Record No. 1, p. 16] At the conclusion of the evidence, he renewed the motion, which the court again overruled. [*Id.*, p. 8] Following the jury trial, Watts filed a motion with the Leslie Circuit Court to set aside the jury's verdict on the robbery charge due to alleged insufficient evidence, but that motion was denied. [Record No. 1, p. 3] Subsequently, Watts filed a

direct appeal with the Kentucky Supreme Court, alleging that the trial court erred by: (i) instructing the jury on both principal and accomplice murder liability; (ii) denying his motion for a directed verdict on the robbery charge; (iii) excluding certain evidence; (iv) violating his right to a speedy trial; and (v) admitting evidence of prior bad acts. [*Id.*, p. 2]

As outlined in the Kentucky Supreme Court's opinion, on April 18, 2009, three witnesses discovered victim Kelly Johnson's deceased body on the floor in his home. *Watts*, 2014 WL 2809955, at *1. Johnson had been shot in the head, and one of his pants pockets was partially inside out. *Id.* A detective found an empty key ring lying on the outside of that pocket, and Johnson's daughter stated that a key to one of Johnson's all terrain vehicles was missing. *Id.* Further, the daughter and some neighbors told the police that Johnson always carried large sums of cash in his pants pocket. *Id.* Some witnesses belonging to the "Couch group" informed police that they saw Watts, armed with a gun, at Johnson's house earlier that afternoon. *Id.* One of the witnesses heard a gunshot shortly after seeing Watts and Johnson.

Three days later, Vickie Muncy woke up around midnight to the sound of dogs barking and saw a dark sports utility vehicle leaving her son's trailer. *Watts*, 2014 WL 2809955, at *1. She discovered her son's body on the floor of the trailer. *Id.* He had died of blunt force trauma to the head and multiple stab wounds. *Id.* Later that day, one of Muncy's neighbors received a call from Muncy's phone, and the caller identified himself as Dwight. *Id.* That day, police interviewed Watts about both Johnson's and Muncy's murders. *Id.* at *2. Watts initially denied seeing Johnson the day of his murder but later admitted to visiting

him. *Id.* The petitioner also denied seeing Muncy the day of his murder, but Watts admitted to calling the neighbor from his own phone (not Muncy's). *Id.*

In Watts' jeep, police found a folding knife and blood. *Id.* The blood on the steering wheel and doorframe belonged to Muncy, but police could not identify the blood on the knife. *Id.* At trial, Muncy's grandmother testified that Watts told her details about Johnson's murder/robbery and Muncy's murder, blaming it on someone else. *Id.*

On appeal, the petitioner claimed that there was insufficient evidence to convict him of first-degree robbery because there was no direct testimony that Johnson had cash in his pocket on the day he was killed. *Watts*, 2014 WL 2809955, at *5. He also presented evidence that the funeral home returned a key to members of Johnson's family. *Id.* However, the Kentucky Supreme Court affirmed the petitioner's conviction, reasoning that even though the evidence "was not overwhelming," it was sufficient to submit the issue of robbery to the jury. *Id.*

On May 26, 2015, Watts filed the pending petition for writ of habeas corpus under 28 U.S.C. § 2254. [Record No. 1] Again, Watts claims that insufficient evidence supports his robbery conviction. However, under the facts presented, Watts has not demonstrated that he is entitled to the relief he seeks.

**III.**

Watts argues that the evidence is insufficient to support his robbery conviction because it is largely based on allegedly-unreliable testimony. In particular, Watts focuses on the testimony and statements of four witnesses: Johnson's daughter, wife, and neighbor, and Irma Jean Muncy. [Record No. 1, pp. 10–14] This claim is not supported by the record.

The magistrate judge correctly outlined the standard for granting a habeas corpus petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [Record No. 18, p. 6] Specifically, the petitioner must show that the state court's decision affirming conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. 2254(d)(1), or that it "was based on an unreasonable determination of the facts," 28 U.S.C. 2254(d)(2). However, Watts has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. Nor has he shown that the decision affirming his conviction was based on an unreasonable determination of the facts.

Magistrate Judge Wehrman summarized the evidence presented at trial: at least two witnesses testified that Johnson usually kept significant amounts of money in his pants pocket, and on the day of his murder, the lining of one of his pockets was turned inside out. [Record No. 18, p. 8] No keys were connected to the key ring lying outside the victim's pocket, and the victim's daughter testified that even though one key had been returned, another key was missing. [*Id.*] In addition, the magistrate judge highlighted the testimony of Irma Jean Muncy, who testified that Watts related details about the robbery-murder to her. [*Id.*] Some of the details were not released to the public. Moreover, the petitioner himself "stated that he had heard an ATV key had been stolen from the victim," a fact not released to the public. [*Id.*]

Next, the magistrate judge focused on the petitioner's evidence that allegedly contradicted evidence of a robbery. [Record No. 18, p. 9] For instance, no stolen property was recovered, and cash and pills were found next to the victim. [Record No. 1, p. 9] After

reviewing the evidence, the magistrate judge concluded that sufficient circumstantial evidence supported the jury's verdict. [Record No. 18, p. 9] He correctly explained that the petitioner's burden is not to demonstrate that it would be rational for the jury to find in the petitioner's favor; rather, the petitioner must prove that it would be "irrational for a reasonable juror to find petitioner guilty of robbery." *See*, *e.g.*, *Dell v. Straub*, 194 F.Supp.2d 629, 647 (E.D. Mich. 2002). [*Id.*, p 9]

The Court agrees with the magistrate judge's conclusions. While there was no direct evidence of a robbery, there was sufficient circumstantial evidence for a rational juror to find that the petitioner robbed the victim. While the witnesses did not have personal knowledge that the victim was carrying a large sum of cash on the day of his murder, they corroborated that this was his habit. More importantly, during his interrogation, Watts informed the police that an all terrain vehicle key had been stolen, even though this fact was not released to the public. And Irma Jean Muncy confirmed that Watts knew unreleased details about the robbery-murder. To the extent that Watts asserts that she is an unreliable witness, the magistrate judge properly noted that "[a]n assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims." *Matthews v. Abramajtys*, 319 F.3d 780, 788−89 (6th Cir. 2003). Because the state court decision affirming Watts' robbery conviction was not contrary to clearly established federal law, and because it was not based on an unreasonable determination of the facts, Watts has failed to meet the burden set out in 28 U.S.C. § 2254.

**IV.**

Watts has not demonstrated that he is entitled to a writ of habeas corpus under 28 U.S.C. § 2254. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 18] is **ADOPTED** and **INCORPORATED** by reference.

2. Petitioner Charles D. Watts' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Record No. 1] is **DENIED**.

3. All claims contained in the petition filed herein on May 26, 2015 [Record No. 1] are **DISMISSED**, with prejudice.

4. This habeas action filed under 28 U.S.C. § 2254 [Record No. 1] is **DISMISSED** from the Court's docket. A separate judgment resolving all claims in favor of Kathy Litteral, Warden of the Eastern Kentucky Correctional Complex, shall be entered this date.

This 27th day of October, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge